## STATE v. DIXON.

No. 7215.    Decided December 2, 1948.    (199 P. 2d 775.)

See 70 C. J., Witnesses, sec. 122; 58 Am. Jur. 97. Competency of of child as witness as affected by fact perjury prosecution is prohibited, note, 159 A. L. R. 1102.

*E. LeRoy Shields,* of Salt Lake City, for appellant.

*A. Pharis Johnson,* Co. Atty., of Tooele, *Grover A. Giles,* Atty. Gen., and *Herbert F. Smart,* Asst. Atty. Gen., for respondent.

McDONOUGH, Chief Justice.

Defendant was convicted of the infamous crime against nature, in violation of Sec. 103-51-22, U. C. A. 1943, and he appeals. The offense was allegedly committed on a boy under six years of age. Only two principal contentions are made on this appeal: (1) That the alleged victim was not competent to testify. (2) That there was not sufficient evidence to prove that defendant committed such crime.

The first contention is without merit. The trial court examined the boy to ascertain whether he was capable of receiving correct impressions and able to relate facts accurately. After the boy testified on direct examination, he was subjected to detailed cross-examination, but his account was not shaken. In fact, some of the evidence was reiterated and emphasized. The trial court did not abuse its discretion in permitting the child to testify. See *State* v. *Williams,* 111 Utah 379, 180 P. 2d 551, and cases therein cited.

A careful examination of the record leads us to the conclusion that there was sufficient competent evidence to sustain the verdict. The trial court gave a cautionary instruction, calling the jury's attention to the fact that the boy was of tender years, as was done in *State* v. *Morasco,* 42 Utah 5, 128 P. 571. There was no prejudicial error.

The judgment is therefore affirmed.

PRATT, WADE, WOLFE, and LATIMER, JJ., concur.